UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LIBERTY FUNDING SOLUTIONS, LLC, a New Jersey limited liability company, formerly known as LIBERTY CAPITAL MANAGEMENT, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ATLANTIC SHELLFISH, INC., a Maine corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No._____ |

**COMPLAINT**

  Plaintiff, LIBERTY FUNDING SOLUTIONS, LLC, a New Jersey limited liability company, formerly known as LIBERTY CAPITAL MANAGEMENT, LLC ("Plaintiff"), hereby complains against Defendant, ATLANTIC SHELLFISH, INC. ("Defendant"), a Maine corporation, and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

  1. At all times material hereto Plaintiff was a New Jersey limited liability company, duly organized and existing under and by virtue of the laws of the State of New Jersey, and has maintained (and continues to maintain) its principal place of business at 200 Middlesex Essex Tpke, Suite 308, Iselin, New Jersey 08330. A true and correct copy of the New Jersey Division of Revenue Certificate of Amendment Limited Liability Company is attached to this Complaint as **Exhibit 1** and is incorporated herein by reference.

  2. Plaintiff is informed and believes that Defendant is, and at all times material hereto has been, a Maine corporation formed under the laws of the State of Maine and has maintained (and continues to maintain) its principal place of business in the Town of Jonesport, County of Washington, and State of Maine.

3. The matter in controversy with respect to this civil action exceeds the sum or value specified by 28 U.S.C. § 1332(a), exclusive of interest and costs.

4. This civil action is between citizens of different States.

5. Venue with respect to this civil action is proper in this District because (a) Defendant is a resident of the State of Maine and this District is a judicial district in which Defendant resides, and (b) this District is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b)(1) and (2). Venue with respect to this civil action is proper in this Court in Bangor because a substantial part of the events or omissions giving rise to the claims occurred in the Town of Jonesport, County of Washington, and State of Maine. *See* D. Me. Local R. 3(b).

## FACTUAL ALLEGATIONS

6. Plaintiff provides working capital to qualified small businesses—referred to as "merchants"—by purchasing a portion of a merchant's future receivables in exchange for a cash advance. In the regular course of its business, Plaintiff provides merchants with a lump-sum cash payment in exchange for a negotiated percentage/amount of said merchant's daily receivables thereafter, until the agreed-upon remittance amount is fully remitted to Plaintiff, which usually takes place within 6 to 12 months. Plaintiff provides a merchant with monthly statements showing remittances made by said merchant and the remittance amount balance.

7. On or about March 11, 2020, under the business practices described above, Plaintiff entered into an Agreement for the Purchase and Sale of Future Receipts (the "Agreement") with Defendant. Pursuant to the terms of the Agreement, Defendant received a cash advance in the amount of $150,000.00 with a remittance amount of $213,000.00 (the "Remittance Amount"). A true and correct copy of the Agreement is attached to this Complaint as **Exhibit 2** and is incorporated herein by reference.

8. The Agreement provides that, in the event Defendant defaults on its scheduled remittance obligations thereunder, Plaintiff shall be entitled to damages, including, but not limited to, amounts equal to the Remittance Amount less any amounts received by Plaintiff from

Defendant up to the date of default. Further, Defendant agreed that Plaintiff could automatically debit from Defendant's business bank account, without notice, any outstanding amounts due and any damages sustained by Plaintiff resulting from Defendant's breach of its obligations thereunder. Likewise, the Agreement provides that in the event of Defendant's default, the net cash proceeds from Plaintiff's exercise of its rights, after deducting all costs and expenses, including reasonable attorneys' fees, will be applied by Plaintiff to the outstanding Remittance Amount.

9. Between March 11, 2020, and October 21, 2020, Defendant met its remittance obligations under the Agreement as scheduled, totaling $20,100.00 in remittance payments. On or about October 28, 2020, Plaintiff was notified by Defendant's bank that the electronic debit scheduled for October 28, 2020 was returned as "non-sufficient funds." Thereafter, several other payments that were scheduled to be made were returned as "non-sufficient funds" until Defendant ceased to remit payment entirely. Defendant has failed to make any payments pursuant to the Agreement since its last payment on October 21, 2020. The Agreement defines the occurrence of the following event as an "Event of Default": "Seller fails to give Buyer 24 hours advance notice that there will be insufficient funds in the account such that the ACH of the specific daily amount will not be honored by Seller's bank account…." On October 28, 2020, Defendant defaulted on the Agreement when it failed to notify Plaintiff of insufficient finds in its accounts or to pay the Daily Amount to Plaintiff. *See* **Exhibit 2**, § 16(f).

## COUNT I

### [Breach of Contract]

10. Plaintiff re-alleges and incorporates by reference each and every allegation contained herein above, inclusive, as though each were fully set forth at this point.

11. As a result of Defendant's failure to make scheduled remittances to Plaintiff as described above, Plaintiff thereafter, and pursuant to the Agreement, made a demand on Defendant to cure Defendant's default. Defendant failed to cure, and continues to fail to cure, its default under the Agreement.

12. Thus, Defendant as of the date of its last repayment, owes the Remittance Amount (a balance of $192,900.00 (the funding amount under the Agreement of $213,000.00 minus payments received, which equal $192,900.00), plus NSF fees of $35.00). This amount does not include the default fee of $48,225.00 provided for in the Agreement. *See* **Exhibit 2**, Appendix A - "List of Fees and Charges," no. 5, p. 10 of 15. Under the Agreement, as a result of Defendant's failure to comply with its obligations thereunder, Plaintiff is also entitled to the collection of said fees, as well as interest. (*Id.*)

13. The Agreement provides for the payment of attorneys' fees that Plaintiff (25% of the outstanding balance owed) incurs to enforce it. *See* **Exhibit 2**, Appendix A, no. 8, p. 10 of 15. Defendant's refusal to pay the Remittance Amount in its entirety has made it necessary for Plaintiff to employ the undersigned counsel to file this lawsuit pursuant to the terms of the Agreement. The claim was timely presented to Defendant and remains unpaid. Plaintiff is entitled to recover of and from Defendant Plaintiff's reasonable collection costs, including reasonable and necessary attorneys' fees, expenses, and costs of court.

14. Plaintiff has standing to enforce the Agreement, as Plaintiff is a party to the Agreement.

15. Plaintiff has fully performed its contractual obligations according to the Agreement. The Agreement is a valid and enforceable contract between Plaintiff and Defendant. Defendant has breached the Agreement.

16. Defendant's breach of the Agreement has caused and continues to cause actual damages to Plaintiff, including economic damages.

17. Plaintiff is entitled to recover reasonable and necessary attorneys' fees pursuant to the Agreement. *See* **Exhibit 2**, Appendix A, no. 8, p. 10 of 15.

18. Plaintiff herein seeks recovery of and from Defendant, all sums due and owing, together with any pre-judgment interest due thereon, costs of court, reasonable attorneys' fees and expenses, other allowed collection costs, and post-judgment interest on the total of these amounts, as may be permitted by applicable law. Plaintiff has been damaged by Defendant's conduct, acts,

omissions, failures to act and/or fully and faithfully perform, and/or refusals to act and/or fully and faithfully perform with respect to the Agreement, as set forth above and otherwise, in an amount to be determined at trial.

WHEREFORE, Plaintiff, LIBERTY FUNDING SOLUTIONS, LLC, prays that this Court enter judgment against Defendant in Plaintiff's favor on Count I of this Complaint for damages and all sums as may be due, together with allowable interest, attorneys' fees, expenses, and costs, and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

## COUNT II

### [Money Had and Received]

19. Plaintiff re-alleges and incorporates by reference each and every allegation contained herein above, inclusive, as though each were fully set forth at this point.

20. As alleged in detail above, Defendant has received money in the form of the amount advanced by Plaintiff to Defendant under the Agreement.

21. As alleged in detail above, Defendant has improperly kept much of this money and, as set forth above, Defendant has failed and/or refused to meet its remittance obligations to Plaintiff under the Agreement as scheduled.

22. Despite Plaintiff's repeated demands, Defendant has not remitted said monies, including without limitation the outstanding Remittance Amount, to Plaintiff.

23. Defendant owes Plaintiff for money had and received in the amounts set forth above.

24. Plaintiff has been damaged by Defendant's conduct, acts, omissions, failures to act and/or fully and faithfully perform, and/or refusals to act and/or fully and faithfully perform with respect to the Agreement, as set forth above and otherwise, in an amount to be determined at trial.

WHEREFORE, Plaintiff, LIBERTY FUNDING SOLUTIONS, LLC, prays that this Court enter judgment against Defendant in Plaintiff's favor on Count II of this Complaint for damages and all sums as may be due, together with allowable interest, attorneys' fees, expenses, and costs,

and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

| | |
|---|---|
| Dated: September 8, 2021. | /s/ Fred W. Bopp III<br>Fred W. Bopp III, Esq.<br>Attorney for Plaintiff, Liberty Funding Solutions, LLC |

BOPP & GUECIA
121 Main Street
Yarmouth, ME  04096
(207) 846-6111
fbopp@boppguecia.com